UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

RICHARD THOMAS,

                          Plaintiff,

           -against-

THE CITY OF NEW YORK, a Municipal Corporation;
FREDDY CHALEN (Shield No. 16574); JULIAN
HARRIS (Shield No. 9939); JACOB NEWMAN (Shield
No. 19914); RICHARD FERNANDEZ (Shield No. 1689);
and SGT. JAMES PHILLIPS (Shield No. 5313),
Individually and as New York City Police Officers,

                          Defendants.

------------------------------------------------------------------------ x

**ANSWER OF DEFENDANT POLICE OFFICER JULIAN HARRIS TO PLAINTIFF'S AMENDED COMPLAINT**

**05 CV 6449 (LTS)(THK)**

**JURY TRIAL DEMANDED**

        Defendant Police Officer Julian Harris,[1] by his attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for an answer to the Amended Complaint, respectfully alleges, upon information and belief, as follows:

        1.    Denies the allegations set forth in paragraph "1" of the Amended Complaint, except admits that plaintiff purports to proceed and invoke the Court's jurisdiction as stated therein.

        2.    Denies the allegations set forth in paragraph "2" of the Amended Complaint, except admits that plaintiff purports to base venue as stated therein.

---

[1] Defendants City of New York, Police Officer Jacob Newman, Police Officer Richard Fernandez and Sergeant James Phillips served their answer to plaintiff's amended complaint on December 9, 2005. Further, defendant Police Officer Freddy Chalen, one of the officers allegedly involved in plaintiff's January 23, 2004 arrest, has been activated to military duty and is therefore unavailable to participate in this litigation. Although this office does not yet represent Officer Chalen in this matter, we are considering requesting that this matter be stayed pending completion of Officer Chalen's tour of military duty, pursuant to 50 U.S.C. Appx.§ 521(d) (2004) (the Soldiers' and Sailors' Civil Relief Act).

3.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3" of the Amended Complaint.

4.  Denies the allegations set forth in paragraph "4" of the Amended Complaint, except admits that the City of New York is a municipal corporation organized and existing under the laws of the State of New York.

5.  Defendant states that the allegations set forth in paragraph "5" of the Amended Complaint are legal conclusions to which no response is required, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding defendants Fernandez and Phillips and admits that on January 23, 2004, defendants Chalen, Harris and Newman were employed by the City of New York as police officers.

6.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the Amended Complaint.

7.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Amended Complaint.

8.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the Amended Complaint.

9.  Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "9" of the Amended Complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the Amended Complaint.

11. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "11" of the Amended Complaint.

12. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "12" of the Amended Complaint.

13. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "13" of the Amended Complaint.

14. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "14" of the Amended Complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the Amended Complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the Amended Complaint.

17. Denies the allegations set forth in paragraph "17" of the Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding defendant Chalen's actions and admits that on January 23, 2004, defendants Newman and Harris entered and later exited a Laundromat and that they did not see or speak with plaintiff while therein.

18. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "18" of the Amended Complaint.

19. Denies the allegations set forth in paragraph "19" of the Amended Complaint.

20. Denies the allegations set forth in paragraph "20" of the Amended Complaint.

21. Denies the allegations set forth in paragraph "21" of the Amended Complaint.

22. Denies the allegations set forth in paragraph "22" of the Amended Complaint.

23. Denies the allegations set forth in paragraph "23" of the Amended Complaint.

24. Denies the allegations set forth in paragraph "24" of the Amended Complaint, except admits that on January 23, 2004, plaintiff was detained by defendant Newman near 2455 Webster Avenue.

25. Denies the allegations set forth in paragraph "25" of the Amended Complaint, except admits that defendant Harris approached plaintiff.

26. Denies the allegations set forth in paragraph "26" of the Amended Complaint.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the Amended Complaint.

28. Denies the allegations set forth in paragraph "28" of the Amended Complaint, except admits that plaintiff was asked for his identification.

29. Denies the allegations set forth in paragraph "29" of the Amended Complaint, except admits that plaintiff was asked to put his hands on the wall.

30. Denies the allegations set forth in paragraph "30" of the Amended Complaint, except admits that plaintiff turned around and placed his hands on the wall or security gate.

31. Denies the allegations set forth in paragraph "31" of the Amended Complaint, except admits that plaintiff was frisked and handcuffed and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding plaintiff's identification.

32. Denies the allegations set forth in paragraph "32" of the Amended Complaint, except admits that plaintiff was transported to a precinct, and denies knowledge or

information sufficient to form a belief as to the truth of the allegations regarding what plaintiff told defendant Chalen.

33. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the Amended Complaint.

34. Denies the allegations set forth in paragraph "34" of the Amended Complaint, except admits that plaintiff's belongings were inventoried, plaintiff was placed in a cell, issued a summons for disorderly conduct pursuant to New York Penal Law §240.20 and released with all of his property.

35. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the Amended Complaint.

36. Denies the allegations set forth in paragraph "36" of the Amended Complaint and all of its subparts.

37. Denies the allegations set forth in paragraph "37" of the Amended Complaint.

38. Denies the allegations set forth in paragraph "38" of the Amended Complaint.

39. In response to the allegations set forth in paragraph "39" of the Amended Complaint, defendant Harris repeats and realleges the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

40. Denies the allegations set forth in paragraph "40" of the Amended Complaint.

41. Denies the allegations set forth in paragraph "41" of the Amended Complaint.

42. Denies the allegations set forth in paragraph "42" of the Amended Complaint.

43. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "43" of the Amended Complaint, except admits that a Complaint was filed in the Southern District of New York on or about July 15, 2005.

44. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "44" of the Amended Complaint, except admits that a document purporting to be a Notice of Claim regarding an incident that occurred on January 23, 2004 was received by the Comptroller's Office of the City of New York on or about June 30, 2005.

45. Denies the allegations set forth in paragraph "45" of the Amended Complaint, except admits that no payment has been made by the City of New York.

46. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "46" of the Amended Complaint.

47. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "47" of the Amended Complaint.

48. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "48" of the Amended Complaint, except admits that on August 18, 2005, the Comptroller's Office of the City of New York received a copy of an Order of the Bronx County Supreme Court granting "plaintiff's application for leave to file late Notice of Claim for malicious prosecution claim arising out of charges brought on November 26, 2003 and dismissed on April 27, 2004" and a document purporting to be a Notice of Claim regarding an incident that occurred on November 26, 2003.

49. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "49" of the Amended Complaint.

50. Denies the allegations set forth in paragraph "50" of the Amended Complaint, except admits that no payment has been made by the City of New York.

51. Defendant states that the allegations set forth in paragraph "51" of the Amended Complaint and its subparts are averments to which no response is required.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

52. The Amended Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

53. Defendant Harris has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor has he violated any act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

54. Defendant Harris has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore is protected by qualified immunity.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

55. At all times relevant to the acts alleged in the Amended Complaint, defendant Harris acted reasonably in the proper and lawful exercise of his discretion.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

56. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and was not the proximate result of any act of defendant Harris.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

57. There was probable cause for plaintiff's arrests and prosecutions.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

58. To the extent applicable, plaintiff's claims are barred, in part, by failure to comply with conditions precedent to suit.

**WHEREFORE,** defendant Police Officer Julian Harris requests judgment dismissing the Amended Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:    New York, New York
          January 6, 2006

        MICHAEL A. CARDOZO
        Corporation Counsel of the
          City of New York
        Attorney for Defendants City
          of New York, Newman,
          Fernandez, Phillips and Harris
        100 Church Street, Room 3-210
        New York, New York 10007
        (212) 788-1575

By: _____
    M. Vivian Najib (MN 6002)
    Assistant Corporation Counsel

To:    Clare Norins, Esq.
       Beldock Levine & Hoffman LLP
       99 Park Avenue, Suite 1600
       New York, New York  10016

Index No. **05 CV 6449 (LTS)**

---

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RICHARD THOMAS,

                              Plaintiff,

-against-

THE CITY OF NEW YORK, a Municipal Corporation; FREDDY CHALEN (Shield No. 16574); "JOHN" HARRIS (Shield No. Unknown); JACOB NEWMAN (Shield No. 19914); RICHARD FERNANDEZ (Shield No. 1689); and SGT. JAMES PHILLIPS (Shield No. 5313), Individually and as New York City Police Officers,

                             Defendants..

---

**ANSWER OF DEFENDANT POLICE OFFICER JULIAN HARRIS TO PLAINTIFF'S AMENDED COMPLAINT**

---

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants City of New York,*
*Newman, Fernandez, Harris and Phillips*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: M. Vivian Najib*
*Tel: (212) 788-1575*
*NYCLIS No. 05 SF 017110*

Due and timely service is hereby admitted.

New York, N.Y. .................................................., 200......

............................................................................ Esq.

Attorney for ...............................................................

## DECLARATION OF SERVICE BY FIRST-CLASS MAIL

I, Vivian Najib, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that on January 6, 2006, I served the annexed Answer of Defendant Harris to Plaintiff's Amended Complaint by depositing a copy of the same, enclosed in a first-class postpaid properly addressed wrapper, in a post office official depository under the exclusive care and custody of the United States Postal Service, within the State of New York, upon the following:

> Clare Norins, Esq.
> Beldock Levine & Hoffman LLP
> 99 Park Avenue, Suite 1600
> New York, New York 10016

Dated: New York, New York
       January 6, 2006

                                            Vivian Najib
                                            Assistant Corporation Counsel