UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
RICHARD THOMAS,

                          Plaintiff,

No. 05 Civ. 6449 (LTS) (THK)

- v -

THE CITY OF NEW YORK, FREDDY
CHALEN, JULIAN HARRIS, JACOB
NEWMAN, RICHARD FERNANDEZ,
AND JAMES PHILLIPS,

                          Defendants.

LAURA TAYLOR SWAIN, United States District Judge

## MEMORANDUM OPINION AND ORDER

       Plaintiff Richard Thomas ("Plaintiff") asserts federal and state causes of action relating to alleged violations of his civil rights in two separate incidents – one of which occurred on November 26, 2003, and the other of which occurred on January 23, 2004 – involving members of the New York City Police Department ("NYPD") in the Bronx, New York.[1] The Complaint asserts claims under 42 U.S.C. §§ 1983, 1985, 1986 and 1988 alleging violations of Plaintiff's rights under the First, Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States, as well as various state law claims based on the same factual allegations. Specifically, Plaintiff alleges that he was subjected to false arrest, malicious prosecution, excessive force, and retaliation for the exercise of his First Amendment rights. Plaintiff's claim

---

[1] Plaintiff's counsel informed defendants by letter dated July 24, 2006, of Plaintiff's decision to withdraw his municipal liability claim against defendant City of New York. (Pl.'s Mem. of Law in Opp'n to Defs.' Mot. for Partial Summ. J. n. 1) Thus, insofar as the complaint could be construed to assert such a claim against the City of New York pursuant to 42 U.S.C. § 1983, it is dismissed with prejudice.

against defendant Julian Harris has been dismissed pursuant to a stipulation. (Docket no. 41).

This matter now comes before the Court on the motion of the remaining defendants for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure on the false arrest, malicious prosecution, and First Amendment retaliation claims stemming from the November 26, 2003, incident and for summary judgment on the excessive force and First Amendment retaliation claims asserted in connection with the January 23, 2004, incident. Defendants also move for summary judgment on Plaintiff's claim against the City of New York.[2] The Court has subject matter jurisdiction of Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331 and 1343, and has supplemental jurisdiction of Plaintiff's related state claims pursuant to 28 U.S.C. §1367.

The Court has considered thoroughly all of the parties' submissions and arguments in connection with the instant motion. For the reasons set forth below, Defendants' motion for summary judgment with respect to the November 26, 2003, incident is granted and Defendants' motion for summary judgment with respect to the January 23, 2004, incident is denied.

BACKGROUND

The following material facts are undisputed.

On the afternoon of November 26, 2003, Plaintiff walked to the corner of 187th Street and Park Avenue in the Bronx, New York, to make a call on a pay phone. While in the phone booth, Plaintiff picked up a container of alcohol and moved it, to avoid the possibility of the contents spilling onto his suede coat. (Thomas Dep. 9:24, 10:22 - 10:23, Sept. 12, 2005.)

---

[2] Plaintiff has withdrawn this claim. See supra n. 1.

Sergeant Phillips and Officer Fernandez were on patrol in the Bronx that day in a marked police vehicle. From the car, they observed Plaintiff with a container of beer in his hand. (Phillips Dep. 85:24 - 86:12, April 19, 2006.) Sergeant Phillips exited the car and approached Plaintiff while Officer Fernandez waited in the car. (Phillips Dep. 110:18 - 112:11, April 19, 2006.)

Sergeant Phillips asked Plaintiff about the container, specifically asking if the beer belonged to Plaintiff, and requested Plaintiff's identification. (Thomas Dep. 134:10 - 134:23, April 22, 2006.) Another individual, Mr. Wilson, approached and stated that the beer belonged to him and not to Plaintiff. Plaintiff then stated that he had not been drinking and blew his breath on Sergeant Phillips. (Thomas Dep. 140:1 - 140:8, April 22, 2006.)

Sergeant Phillips took Plaintiff's identification back to the police car and, based on information provided by Sergeant Phillips, Officer Fernandez issued Plaintiff a summons for violation of New York City Administrative Code §10-125(b). (Fernandez Dep.75:17 - 78:12, April 19, 2006.) Plaintiff approached the police car and requested the Officers' names, badge numbers and precinct; Plaintiff wrote that information on a piece of paper. (Thomas Dep.158:20 - 159:22, April 22, 2006.)

The summons was dismissed after Plaintiff appeared in summons court and Officer Fernandez did not appear.

On the evening of January 23, 2004, Plaintiff was using a pay phone in a laundromat on Webster Avenue in the Bronx. Officers Newman, Chalen, and Harris entered the laundromat while Plaintiff was on the phone. As Plaintiff was exiting the laundromat, there was an initial exchange between Plaintiff and Officer Newman in which the officer asked Plaintiff if

there was a problem. (Thomas Dep. 206:16 - 207:6, April 22, 2006.) The other officers intervened in the exchange, the end result being that Plaintiff was frisked, handcuffed, and transported to the 46th Precinct where he was placed in a holding cell and, after approximately 20 minutes, issued a summons for disorderly conduct and released. Plaintiff does not claim that he suffered any physical injuries as a result of being handcuffed. (Stipulation ¶ 1, April 3, 2006.)

The summons for disorderly conduct was dismissed after Officer Newman failed to appear in court.

## DISCUSSION

Summary judgment shall be granted when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The facts will be viewed in the light most favorable to the party opposing the motion and all reasonable inferences drawn in the non-movant's favor. Consarc Corp. v. Marine Midland Bank., N.A., 996 F.2d 568, 572 (2d Cir. 1993). In opposing a motion for summary judgment, the non-moving party must "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). No genuine issue of fact exists "unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-250 (1986).

Section 1983

Section 1983 creates a cause of action against any person who, acting under color of state law, violates a person's rights created by the Constitution or laws of the United States. In section 1983 actions, the applicable statute of limitations is a state's "general or residual statute for personal injury actions." Owens v. Okure, 488 U.S. 235, 250 (1989).

Claims Based on the November 26, 2003 Incident

False Arrest Claim

Defendants are entitled to summary judgment dismissing the claim for false arrest because the undisputed facts demonstrate that the law enforcement officers involved in the incident had probable cause to arrest the Plaintiff.

A claim for false arrest requires the plaintiff to show that (1) the defendant intended to confine the plaintiff; (2) the plaintiff was conscious of the confinement; (3) plaintiff did not consent to the confinement; and (4) the confinement was not otherwise privileged. Singer v. Fulton County Sheriff, 63 F.3d 110, 118 (2d Cir. 1995). Moreover, where there is probable cause for an arrest, a false arrest claim will necessarily fail. Covington v. City of New York, 171 F.3d 117, 122 (2d Cir. 1999) ("[The] existence of probable cause ... is a complete defense to an action for false arrest, whether that action is brought under state law or under §1983."). Probable cause exists where the "arresting officer has knowledge or reasonably trustworthy information" such that a reasonable person would believe that the person to be arrested has committed an offense. O'Neill v. Town of Babylon, 986 F.2d 646, 650 (2d Cir.

1993) (citation omitted).

Plaintiff contends that there was no probable cause for the arrest because defendant officers could have seen Plaintiff approach the phone booth without a container of beer, because the container of beer was only in Plaintiff's hands for a few seconds while he was in the phone booth, and because of various facts that Plaintiff argues were exculpatory, including a witness's and Plaintiff's own claim that the beer did not belong to him.[3] (Pl.'s Mem. of Law in Opp'n to Defs.' Mot. for Partial Summ. J. 6-8.) For instance, Plaintiff argues that the container of beer was empty, contrary to Defendants' assertion, and that there is a triable issue as to the status of the container. (Pl.'s Mem. of Law in Opp'n to Defs.' Mot. for Partial Summ. J. 9). While construing the facts in a light most favorable to the Plaintiff, the Court finds that no such fact issue precludes summary judgment since these facts do not support Plaintiff's contention that probable cause for the arrest was lacking.

New York City Administrative Code §§ 10-125(b) and (c) provide that "no person shall . . . possess, with intent to drink or consume, an open container containing an alcoholic beverage in any public place" and that the possession of an open container of alcohol creates a rebuttable presumption of intent to consume the contents in violation of that section. Thus, based on Sergeant Phillips' observation of Plaintiff holding an open container of alcohol, Sergeant Phillips had probable cause to issue the summons to Plaintiff. The fact that the observation may have lasted but a few seconds is irrelevant, as the statute imposes no requirements as to the

---

[3] The Court finds it unnecessary to address Plaintiff's claim that by blowing breath free of alcohol upon the Officer's face he proved his innocence. The statute in question does not require consumption.

length of time of possession.

"[W]hen interpreting state statutes federal courts defer to state courts' interpretation of their own statutes." United States v. Fernandez-Antonia, 278 F.3d 150, 162 (2d Cir. 2002). In People v. Bothwell, the New York Supreme Court, Appellate Division, held that the totality of the circumstances at the time of the defendant's arrest for a violation of § 10-125(b) gave rise to probable cause. 690 N.Y.S. 2d 231, 234-35 (1999). Specifically, the court pointed out that "the issue in this case was not whether defendant was guilty of a violation of the Administrative Code, but whether it was reasonable for [the officer] to believe defendant was holding an open bottle of beer with intent to drink it in public." Id. at 234. The court went on to hold that "[e]ven if the bottle were empty, it was reasonable to infer that the defendant has just finished consuming it." Id. at 234-35. Here, the factual dispute as to whether the container was empty is immaterial in light of the New York courts' determination that possession of an empty container may give rise to probable cause for an arrest. The undisputed facts demonstrate that, in light of the totality of the circumstances as described above, probable cause existed to issue the summons to Plaintiff, regardless of whether the container was empty or not.

Neither Plaintiff's speculation that the Officers saw him approach the phone booth without the offending container nor Plaintiff's and the witness's assertions at that time that the container did not belong to Plaintiff defeats probable cause. An officer need not "explore and eliminate every theoretically plausible claim of innocence before making an arrest." Ricciuti v. New York City Transit Authority, 124 F.3d 123, 128 (2d Cir. 1997) (citation omitted). Accordingly, Sergeant Phillips is entitled to summary judgment dismissing Plaintiff's false arrest claim against him.

Dismissal of Plaintiff's false arrest claim as against Officer Fernandez is warranted on this ground as well, because an arresting officer has the right to rely on the knowledge of a fellow officer to establish probable cause, even where the arresting officer lacks personal knowledge or knowledge of the specific facts of the incident. <u>U.S. v. Colon</u>, 250 F.3d 130, 136-37 (2d Cir. 2001). In this case, Officer Fernandez waited in the car while Sergeant Phillips approached Plaintiff by the phone booth. Officer Fernandez prepared the summons that was issued to Plaintiff based on the information that Sergeant Phillips provided upon his return to the police car. (Fernandez Dep. 75:8 - 78:21, April 19, 2006.) Because, as explained above, Sergeant Phillips had probable cause to issue the summons to Plaintiff, Officer Fernandez had a right to rely on the information that Sergeant Phillips provided and Officer Fernandez is thus entitled to summary judgment as a matter of law as well.

<u>Malicious Prosecution</u>

Sergeant Phillips and Officer Fernandez are also entitled to summary judgment on the malicious prosecution claim because, based on the undisputed facts, Plaintiff cannot make a prima facie showing of infringement of his constitutional rights by reason of the pursuit of the charges against him.

To prevail on a section 1983 action for malicious prosecution, a plaintiff must show that "a prosecution was initiated against him, that it was brought with malice [and] without probable cause to believe that it could succeed and that the prosecution terminated in favor of the accused plaintiff." <u>Boyd v. City of New York</u>, 336 F.3d 72, 76 (2d Cir. 2003). A criminal

prosecution is commenced with malice if it is brought with "a wrong or improper motive, something other than a desire to see the ends of justice served." <u>Fulton v. Robinson</u>, 289 F.3d 188, 198 (2d Cir. 2002) (quotation marks and citations omitted).

The Second Circuit has suggested that where, as here, the arrested person is released after an arraignment, is not required to post bail, has no travel restrictions, and is only required to appear at several subsequent hearings, there may not be an injury sufficient to trigger the Fourth Amendment. <u>Singer</u>, 63 F.3d at 117 & n. 6; <u>see</u> <u>also</u> <u>Morales v. United States</u>, 961 F. Supp. 633, 637-38 (S.D.N.Y. 1997) (holding that, "absent any indication that a plaintiff was subject to material restrictions on liberty greater than those . . . alleged" there is no viable § 1983 malicious prosecution claim); <u>Niemann v. Whalen</u>, 911 F. Supp. 656, 671 (S.D.N.Y. 1996) (holding that, "[w]ithout any indication that plaintiff was subject to restrictions on her liberty – such as travel restrictions or posting bail – in violation of her Fourth Amendment right to be free from unreasonable seizure of her person, she may not maintain a § 1983 claim for malicious prosecution").

Here, Plaintiff's court appearances[4] alone do not rise to the level of an infringement upon Plaintiff's Fourth Amendment protection. Plaintiff cites various cases

---

[4] Plaintiff maintains that he went to court three times in connection with the November 26, incident, Defendants claim that Plaintiff went to court only once. *Compare* (Thomas Dep. 26:23 - 27:21, April 21, 2006) *with* (Def. 56.1 ¶¶ 46-47) (citing Thomas' statements that the case was dismissed at his first court appearance (Thomas Dep. 173:23 - 174:19, April 21, 2006.)). The record is unclear as to the exact number of times that Plaintiff went to court. For the purpose of this motion, the Court assumes that plaintiff went to court more than once. This is not a material fact in dispute because it does not affect the disposition of the claims.

stemming from a ruling that, under certain circumstances, court appearances can constitute a seizure within the meaning of the Fourth Amendment. Murphy v. Lynn, 118 F.3d 938, 946 (2d Cir. 1997); see also Sassower v. City of White Plains, 992 F. Supp. 652, 655-56 (S.D.N.Y. 1998). The circumstances of Murphy and its progeny, however, are distinguishable from those of the case at bar. The Fourth Amendment claim in Murphy did not arise merely from required court appearances, but also from a pretrial restriction requiring that, as a condition of release, Plaintiff not leave the state of New York. Murphy, 118 F.3d at 946. Here, Plaintiff alleges no such restriction on his right to travel; indeed Plaintiff had no conditions on release because he was never incarcerated in the first place.

Under the circumstances of this case, Plaintiff's court appearances do not implicate an injury under the Fourth Amendment, and Defendant's motion for summary judgment as to the malicious prosecution claim is granted.

First Amendment Retaliation

To prevail on a claim of First Amendment retaliation, a plaintiff must establish that: (1) he had an interest protected by the First Amendment; (2) the defendant's actions were motivated by or substantially caused by the exercise of the Plaintiff's First Amendment rights; and (3) that the defendant's actions effectively chilled the exercise of those rights. Curley v. Village of Suffern, 268 F.3d 65, 72 (2d Cir. 2001).

Here, Plaintiff disputes Sergeant Phillip's accusation that he possessed an open container of alcohol with intent to consume. Additionally, there is no indication in the record,

aside from Sergeant Phillip's statement, that the officers had begun to prepare the summons, or deliver the summons, before Plaintiff protested the open container accusation. Moreover, the suggestion that the summons could have been derailed had Plaintiff been more "respectful" suggests that speech or communicative conduct might have been a motivating factor in the issuance of the summons. Therefore, the facts as presented do not provide a sufficient basis for the Court to determine whether Plaintiff's protected speech prompted the officers to issue the summons. Accordingly, Defendants' motion for summary judgment as to Plaintiff's First Amendment Retaliation claim is denied.

Claims based on the January 23, 2004 Incident

    Excessive Force and First Amendment Retaliation

Defendant officers Newman and Chalen move for summary judgment on Plaintiff's excessive force and First Amendment retaliation claims stemming from the incident on January 23, 2004.[5] For the following reasons, Defendants' motion is denied as to both claims.

The parties' factual proffers regarding the incident that gave rise to the claims are paltry and provide an insufficient factual basis to determine whether the "officers' actions [were] objectively reasonable, considering the totality of circumstances faced by the officers on the scene," as required for an inquiry into an excessive force claim. Lennon v. Miller, 66 F.3d 416, 425 (2d Cir. 1995). Specifically, there are material issues of fact as to exactly what gave rise to the

---

[5] Acknowledging the existence of factual disputes relating to Plaintiff's false arrest and malicious prosecution claims arising from the January 2004 incident, Defendants do not move for summary judgment as to those claims.

exchange between the officers Newman and Chalen and Plaintiff. Moreover, as explained, a successful First Amendment retaliation claim requires proof that defendants' actions were motivated or substantially caused by the plaintiff's exercise of a First Amendment right. Curley v. Village of Suffern, 268 F.3d 65, 72 (2d Cir. 2001). The facts presented to this Court do not provide a sufficient basis for the Court to determine what gave rise to the January 23, 2004, incident, whether it was an exercise of a First Amendment right or otherwise.

Accordingly, Defendants' motion for summary judgment with respect to Plaintiff's claims of excessive force and First Amendment retaliation is denied.

## CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment with respect to the November 26, 2003, incident is granted as to Plaintiff's false arrest and malicious prosecution claims and is denied as to Plaintiff's First Amendment retaliation claim. Defendants' motion for summary judgment with respect to the January 23, 2004, incident is denied in its entirety.

The parties are to meet with Judge Katz promptly for settlement purposes and shall, if and when appropriate, request that a final pre-trial conference be calendared. This Memorandum Opinion and Order resolves docket entry no. 29.

SO ORDERED.

Dated: New York, New York
August 12, 2008

LAURA TAYLOR SWAIN
United States District Judge